**UNITED STATES of America,**
**Appellee,**

v.

**Rafael ORTIZ, also known as Fito,**
**Defendant–Appellant.**

**No. 03–1250.**

United States Court of Appeals,
Second Circuit.

Sept. 21, 2004.

Jeffrey A. Meyer, Assistant United States Attorney, for Kevin J. O'Connor, United States Attorney for the District of Connecticut (Alex Hernandez, Assistant United States Attorney, on the brief), Bridgeport, CT, for Appellee.

Gerald E. Bodell, Westport, CT, for Defendant–Appellant.

Present: CALABRESI, SOTOMAYOR, Circuit Judges, and BERMAN, District

Judge.*

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.**

Defendant-appellant Rafael Ortiz appeals his conviction and sentence for conspiracy to distribute, and to possess with intent to distribute, cocaine in violation of 21 U.S.C. §§ 841, 846.

Ortiz first contends that the district court erred in denying his request to withdraw his guilty plea. Except perhaps as his claim to withdraw his plea could be reworked in light of *Blakely v. Washington,* ── U.S. ──, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), it is meritless.

Oritz also claims that the district court erred in enhancing his sentence for assuming a leadership role in the conspiracy, for possessing a firearm, and for trafficking in a specified drug quantity. He argues that such court-determined enhancements are improper after the Supreme Court's decision in *Blakely.*

In *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004), our Circuit held, with respect to *Blakely,* that "[u]nless and until the Supreme Court rules otherwise, the law in this Circuit remains as stated" in prior cases upholding the validity of the Guidelines. *Id.* 380 F.3d at 106, *11. Following *Mincey,* we reject Ortiz's *Blakely*-based challenge to the constitutionality of his sentence.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* ── U.S. ──, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* ── U.S. ──, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

We have considered all of Ortiz's arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.